**GRANT; and Opinion Filed December 5, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01414-CV

## IN RE MILO H. SEGNER, JR., AS TRUSTEE OF THE PR LIQUIDATING TRUST, Relator

**Original Proceeding from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-05353**

## OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice O'Neill

Relators filed this mandamus proceeding after the trial court signed an "Order Granting in Part Defendant's Motion to Compel Production of Documents Responsive to Notice of Oral Deposition and Subpoena Duces Tecum of Mitchell Carter." We conclude the trial court abused its discretion in granting the motion to compel and relator has no adequate remedy by appeal. We therefore conditionally grant the writ of mandamus.

Relator is the trustee for the "PR Liquidating Trust," which was formed in the bankruptcy of Provident Royalties LLP. Relator's operative petition asserts claims against real party in interest Sovereign Bank (Bank) arising from the Bank's relationship with the bankrupt entity. At issue in this proceeding are documents sought by the Bank in a notice of deposition and subpoena duces tecum to Mitchell Carter, who has been designated by relator as a testifying expert witness. *See* TEX. RS. CIV. P. 192(e) (scope of discovery regarding testifying experts);

194.2(f) (disclosures for testifying experts); 195 (discovery regarding testifying expert witnesses). The trial court granted the Bank's motion to compel production of the documents sought in the subpoena duces tecum.

Carter was retained to work for relator on the administration of the trust. Carter was later named as a testifying expert on behalf of relator. Relator states that he produced Carter's expert report and "his expert work file of more than 1,800 pages, including everything that was provided to, reviewed by, prepared by, or prepared for" Carter in anticipation of his expert testimony. *See* TEX. R. CIV. P. 192.3(e) (discovery regarding testifying expert). The Bank, however, moved to compel a much broader production in a deposition subpoena, including requests such as "[a]ll documents relating to discussions between you and Plaintiff and/or its counsel relating to the Lawsuit," and "[a]ll documents relating to any claim, liability, cause of action, or defense Plaintiff is asserting against Defendant in the Lawsuit."

In an affidavit submitted to the trial court, Carter stated:

> 3. In late-June 2010, Milo Segner, Trustee of the PR Liquidating Trust (the "Trust"), retained me to perform various services related to the administration of the Trust, including supervising Trust employees and assisting the Trust's attorneys. In my role with the Trust, I have attended mediations with settlement authority; I am a signatory to the Trust's bank accounts; I have supervised and continue to supervise between three to four employees of the Trust; I have authority to direct the Trust's attorneys and to obtain legal services and advice on the Trust's behalf; I have received confidential communication for purposes of effectuating legal representation for the Trust; and I act as a custodian of records for the Trust.

In a deposition, Carter also testified that he "work[s] on a contract basis" for the accounting firm in which relator is a member, and his "paycheck" for his services to relator is from the accounting firm. He also testified that he was "an agent of the Trust and a representative . . . of the trustee." Relator argues that Carter is employed by relator and has authority to obtain legal services or act on advice from counsel on relator's behalf, so that the documents sought in the

–2–

Bank's subpoena duces tecum are protected by the attorney-client privilege. *See* TEX. R. EVID. 503 (lawyer-client privilege).

In order to obtain mandamus relief, relator must show both that the trial court has abused its discretion and that he has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Relator has met this burden.

An opposing party is entitled to discovery of "all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of a testifying expert's testimony." TEX. R. CIV. P. 192.3(e)(6). The Bank argues that the rule requires production of all documents provided to, reviewed by, or prepared for Carter both before and after Carter's designation as an expert, "regardless of privilege characteristics." We disagree.

The attorney-client privilege protects "confidential communications made for the purpose of facilitating the rendition of professional legal services to the client," "between the client or a representative of the client and the client's lawyer or a representative of the lawyer," and "between representatives of the client or between the client and a representative of the client." *See* TEX. R. EVID. 503(b)(1)(A), (D). A "representative of the client" is "a person having authority to obtain professional legal services, or to act on advice thereby rendered, on behalf of the client," or "any other person who, for the purpose of effectuating legal representation for the client, makes or receives a confidential communication while acting in the scope of employment for the client." *Id.*, 503(a)(2). In addition, the rules of civil procedure provide that certain attorney-client communications are exempt from written discovery. *See* TEX. R. CIV. P. 193.3(c).

–3–

Citing *In re Christus Spohn Hospital Kleberg*, 222 S.W.3d 434, 438 (Tex. 2007), the Bank argues that broad discovery from experts is required because of the expert's "influential place in our legal system." In that case, the court noted "the expert's vast potential for influence" on the trier of fact, *id.* at 440, and concluded that materials provided to, reviewed by, or prepared by or for a testifying expert in anticipation of the expert's testimony are discoverable even if the materials originally were work product. *See id.* at 439–41. But as the Bank concedes, the court in *Christus Spohn Hospital* was not presented with the question of balancing these interests against the importance of confidentiality in attorney-client relationships. *See, e.g., Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 160 (Tex. 1993) (discussing waiver by "offensive use" of attorney-client privilege).

In *D.N.S., M.D. v. Schattman*, 937 S.W.2d 151, 157 (Tex. App.—Fort Worth 1997, orig. proceeding), the court did consider the attorney-client privilege, and warned against permitting "a fishing expedition for all of a party-expert's privileged communications." Although the Bank argues that *Schattman* was decided under an earlier and narrower version of the Texas Rules of Civil Procedure, the current rules continue to protect attorney-client communications from discovery, and courts continue to balance the interest in discovery of relevant evidence against the interest in "full and frank communications between attorneys and their clients." *See, e.g., In re XL Specialty Ins. Co.*, 373 S.W.3d 46, 56 (Tex. 2012) (requiring production of communications that did not fall within attorney-client privilege); *see also* TEX. R. CIV. P. 193.3(c) (exempting attorney-client communications from written discovery).

The Bank argues that Carter does not work for relator. The Bank also argues that although relator now asserts that Carter was part of a "control group" who could seek legal advice on behalf of the trust, no such contention was made in the trial court, and in any event, the "control group" test no longer applies under Rule 503 of the Texas Rules of Evidence. We

disagree that relator waived its objection that the attorney-client privilege protected the communications from discovery. Both Carter's affidavit and relator's response to the Bank's motion to compel state that Carter "has sent and received confidential communications with the Trust's attorneys for purposes of effectuating legal representation for the Trust." This is the applicable test under Rule 503. *See* TEX. R. EVID. 503(a)(2), (b). And although Carter is not an employee of the trustee's accounting firm, he was hired by the trustee and given authority to obtain and act on legal advice on behalf of the trustee. [1]

We also note that the Bank did not notice Carter's deposition pursuant to Rule 195, pertaining to discovery regarding testifying expert witnesses, but rather under Rule 199.2, regarding depositions of fact witnesses. Rule 199.2(b)(5) provides that a deposition notice may include a request for production of documents. *See* TEX. R. CIV. P. 199.2(b)(5). But the Bank does not argue that it seeks to depose Carter as a fact witness; it argues only that it is entitled to the discovery sought from Carter as a designated expert witness. Rule 195, however, has no provision similar to Rule 199.2(b)(5) that applies to the deposition of a testifying expert. Instead, Rule 195.1, entitled "Permissible Discovery Tools," provides that a party may seek information concerning testifying expert witnesses "*only* through a request for disclosure under Rule 194 and through depositions and reports as permitted by this rule." TEX. R. CIV. P. 195.1 (emphasis added). Because Carter was designated as a testifying expert, the Bank could obtain the discovery permitted by Rule 192.3(e), 194.2(f), and 195. These rules do not extend to Carter's communications protected by the attorney-client privilege.

---

[1] The trustee, rather than the trust, is the party to the lawsuit. *See Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 570 (Tex. 2006) (trust is not separate legal entity that may sue or be sued).

Accordingly, we conditionally grant the relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its "Order Granting in Part Defendant's Motion to Compel Production of Documents Responsive to Notice of Oral Deposition and Subpoena Duces Tecum of Mitchell Carter," and to render an order denying the motion to compel.


/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE


131414F.P05