**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed December 13, 2016.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

---

## NO. 14-16-00677-CV

---

### IN RE TEXAS WINDSTORM INSURANCE ASSOCIATION, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**122nd District Court**
**Galveston County, Texas**
**Trial Court Cause No. 12-CV-2013**

---

## MEMORANDUM OPINION

On August 30, 2016, relator Texas Windstorm Insurance Association filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, Texas Windstorm asks this court to compel the Honorable Lonnie Cox, presiding judge of the 122nd

District Court of Galveston County, to set aside his (1) August 25, 2016 order granting the motion to compel production, or alternatively, motion to exclude the testimony of Paul Strickland, filed by the City of Dickinson; and (2) August 25, 2016 order denying Texas Windstorm's motion to withdraw Exhibit 3-A to its response to the motion to compel. We conditionally grant the petition.

## BACKGROUND

Texas Windstorm issued a commercial windstorm policy to the City of Dickinson. The parties dispute the amount Texas Windstorm owed the City under the policy for property damage caused by high winds during Hurricane Ike. The City sued Texas Windstorm for breach of contract, fraud, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing, and requested a declaratory judgment regarding certain items under Chapter 541 of the Insurance Code.

The City filed a traditional motion for summary judgment on causation. Texas Windstorm filed a response, which included an affidavit of its corporate representative, Paul Strickland, who also opined as a non-retained expert. During Strickland's deposition, the City learned that Strickland's affidavit had been revised in a series of emails between Strickland and Texas Windstorm's counsel. The City filed a motion to compel all communications between Strickland and Texas Windstorm's counsel, or in the alternative, a motion to exclude Strickland as an expert.

A series of clerical errors and miscommunications occurred when Texas Windstorm prepared its response to the motion to compel. As a result of those

2

errors and miscommunications, fifty-five pages of documents, which Texas Windstorm claimed were protected under the attorney-client and attorney work product privileges and intended to be tendered physically to the court in camera in a sealed envelope, were inadvertently e-filed as Exhibit 3-A to Texas Windstorm's response to the motion to compel.

Between the evening of August 8, 2016, when Exhibit 3-A was e-filed, and a hearing on the motion to compel set for August 9, 2016, Texas Windstorm's counsel discovered the filing error. Texas Windstorm's counsel sent an email to the City's counsel, requesting an agreement on an emergency motion to withdraw the documents in Exhibit 3-A ("snap-back" motion). The City's counsel responded, "Opposed." Texas Windstorm also sent a letter to the City's counsel, invoking the snap-back provision of the Rule 193.3(d) of the Texas Rules of Civil Procedure and requesting that the City delete or destroy all copies of the documents in Exhibit 3-A. Texas Windstorm also filed an emergency snap-back motion.

The trial court heard the motion to compel and the snap-back motion at the August 9, 2016 hearing. Texas Windstorm presented the inadvertently disclosed documents under seal for in camera review. The trial court did not rule on the parties' respective motions at that time.

On August 10, 2016, Texas Windstorm's counsel emailed the City's counsel, asking him to agree to a motion to seal the record and not to disseminate the documents pending a final resolution of the privilege issue. The City's counsel agreed, and Texas Windstorm filed the motion to seal. On August 11, 2016, the

trial court signed an order, directing the Galveston County District Clerk to place any copies of Exhibit 3-A under seal, and the City not to disseminate Exhibit 3-A until final resolution of Texas Windstorm's motion to withdraw Exhibit 3-A.

The trial court held another hearing on August 25, 2016. The trial court denied Texas Windstorm's motion to withdraw Exhibit 3-A, and granted the City's motion to compel, ordering Texas Windstorm to produce the items provided to, reviewed by, or prepared by or for Strickland in anticipation of his testimony as an expert, "including all e-mails and drafts he exchanged with TWIA's counsel to prepare his Affidavit."

The trial court also granted the motion to seal the record as to the emails and the drafts of the affidavit in Exhibit 3-A and prevent their dissemination for ten days unless Texas Windstorm filed a petition for writ of mandamus in ten days, in which case the order would continue in effect.

When Texas Windstorm did not produce the documents, the City's counsel, on August 30, 2016, wrote Texas Windstorm's counsel asking that he advise of the status of the production no later than the close of the day, or the City would move forward for sanctions. Texas Windstorm filed its petition for writ of mandamus in this court the same day.

## STANDARD OF REVIEW

To be entitled to mandamus relief, a relator must demonstrate (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). A trial

4

court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The scope of discovery is within the discretion of the trial court. *In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 698 (Tex. 2015) (orig. proceeding). Appeal is not an adequate remedy when the trial court has erroneously ordered the production of privileged documents. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding).

## ANALYSIS

### I. Abuse of Discretion

#### A. The City's Motion to Compel

In its petition, Texas Windstorm asserts that the attorney-client privilege and the attorney work product privilege protect the emails and drafts of Strickland's affidavit from discovery. The City contends that neither the attorney-client privilege nor the work-product privilege applies to testifying experts, even if the expert is an employee of the client.

The City sought to compel all communications between Strickland and Texas Windstorm's counsel pursuant to Rules 194.2(f)(4) and 192.3(e)(6) of the Texas Rules of Civil Procedure. Rule 192.3(e)(6) provides that a party may obtain the following items, which have been provided to, reviewed by, or prepared by or for an expert in anticipation of testifying:

(e) *Testifying and Consulting Experts.* The identity, mental impressions, and opinions of a consulting expert whose mental impressions and opinions have not been reviewed by a testifying expert are not discoverable. A party may discover the following information regarding a testifying expert or regarding a consulting expert whose mental impressions or opinions have been reviewed by a testifying expert:

\* \* \*

(6) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of a testifying expert's testimony[.]

Tex. R. Civ. P. 192.3(e)(6). "[I]nformation discoverable under rule 192.3 concerning experts, trial witnesses, witness statements, and contentions" are not work product protected from discovery. Tex. R. Civ. P. 192.5(c)(1); *see also In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 445 (Tex. 2007) (orig. proceeding) (holding that the work-product privilege did not protect documents provided to the relator's testifying expert from discovery pursuant to rule 192.3(e)(6)).

Rule 194.2(f)(4) provides that a party may request disclosure of any or all of the following "for any testifying expert," including an expert who is also an employee of the client:

(4) if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

(A) All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony[.]

6

Tex. R. Civ. P. 194.2(f)(4). The work-product privilege is not applicable to requests for disclosure pursuant to rule 194.2(f)(4). *See* Tex. R. Civ. P. 194 cmt. 1 (providing that a party may assert any applicable privileges to written discovery except for the work-product privilege). Thus, Texas Windstorm's assertion of attorney work-product privilege does not protect the emails and drafts from discovery pursuant to rules 194.2(f)(4) and 192.3(e)(6).

However, even though the work-product privilege does not protect documents and other items from disclosure, the attorney-client privilege generally protects attorney-client communications from discovery. *See* Tex. R. Civ. P. 193.3(c) (exempting attorney-client communications from discovery). The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law." *In re XL Specialty Ins. Co.*, 373 S.W.3d 46, 49 (Tex. 2012) (orig. proceeding) (internal quotations and citations omitted). The privilege ensures "the free flow of information between an attorney and client, ultimately serving the broader societal interest of effective administration of justice." *Ford Motor Co. v. Leggat*, 904 S.W.2d 643, 647 (Tex. 1995) (orig. proceeding).

The attorney-client privilege protects from disclosure confidential communications between the client or the "client's representative" and counsel made for the purpose of facilitating the rendition of legal services to the client. Tex. R. Evid. 503(b)(1)(A); *see also In re Hicks*, 252 S.W.3d 790, 794 (Tex. App.—[14th Dist.] 2008, orig. proceeding [mand. denied]) ("The [attorney-client] privilege covers not only direct communications between lawyer and client but

7

also communications involving the client's representatives and the lawyer's representatives so long as they were made for the purpose of facilitating legal services to the client."). Rule 503(a)(2) defines "client representative" as "a person having authority to obtain professional legal services, or to act on advice thereby rendered, on behalf of the client," or "any other person who, for the purpose of effectuating legal representation for the client, makes or receives a confidential communication while acting in the scope of employment for the client." Tex. R. Evid. 503(a)(2)(A), (B).

Texas Windstorm attached the affidavit of its attorney, James R. Old, Jr., to its response to the motion to compel in support of its attorney-client privilege. *See Christus Santa Rosa Health Sys.*, 492 S.W.3d at 279 (stating that the party asserting the privilege must present testimony or evidence that establishes the existence of the privilege). Old testified that Texas Windstorm designated Strickland as its corporate representative, who "serves as [Texas Windstorm's] liaison with defense counsel in this lawsuit." This evidence is sufficient to establish that Strickland is a client representative under rule 503. *See* Tex. R. Evid. 503(a)(2).

Old further testified that the communications concerning Strickland's affidavit were made in "the course and rendition of legal services, including advising" Texas Windstorm regarding its response the City's motion for summary judgment. *See* Tex. R. Evid. 503(b)(1)(A); *see also Pittsburgh Corning Corp. v. Caldwell*, 861 S.W.2d 423, 424 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding) (holding that the relator established the attorney-client privilege

through the uncontroverted affidavit of the relator's counsel). Moreover, an in camera review of the emails and the drafts of the affidavit in Exhibit 3-A reflects that they are attorney-client communications. Therefore, we conclude that Texas Windstorm met its burden to establish that the emails in Exhibit 3-A are attorney-client communications. *See Mem'l Hermann Hosp. Sys.*, 464 S.W.3d at 698 (stating that the party seeking to avoid discovery has the burden to establish the existence of the privilege).

The City does not dispute that the email exchanges and drafts of Strickland's affidavit in Exhibit 3-A are attorney-client communications. The City, however, contends that the attorney-client privilege does not protect those communications pursuant to rules 194.2(f)(4) and 192.3(e)(6) because Strickland is a testifying expert.

Rules 192.3(e)(6) and 194.2(f)(4) contain identical language allowing for discovery or disclosure of "all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of a testifying expert's testimony." *See* Tex. R. Civ. P. 192.3(e)(6), 194.2(f)(4). Nothing in rule 192 or its comments address the applicability of privileges. Given the identical language found in rules 192.3(e)(6) and 194.2(f)(4), it would be inconsistent to allow a party to claim the attorney-client privilege under rule 194.2(f)(4) but not under 192.3(e)(6).

The Dallas Court of Appeals addressed the assertion of the attorney-privilege in response to a request for the disclosure of documents provided to the expert, who was also a "client representative." *See In re Segner*, 441 S.W.3d 409

(Tex. App.—Dallas 2013, orig. proceeding [mand. denied]). After observing that the current rules protect attorney-client communications from discovery and that courts have a duty to balance the interest of discovery of relevant evidence against the interest of "'full and frank communications between attorneys and their clients,'" the *Segner* court specifically held that rules 192.3(e) and 194.2(f) did not provide for discovery of communications protected by the attorney-client privilege. *Id.* at 413 (quoting *XL Specialty Ins. Co.*, 373 S.W.3d at 56).

We agree with *Segner*, and conclude that the email exchanges and the accompanying drafts of Strickland's affidavit between Texas Windstorm's counsel and Strickland are protected by the attorney-client privilege and are not subject to discovery. Our analysis, however, does not end here because Texas Windstorm produced the drafts. Whether the trial court abused its discretion by granting the City's motion to compel depends on whether the trial court abused its discretion by denying Texas Windstorm's snap-back motion.

## B.    Texas Windstorm's Snap-Back Motion

Texas Windstorm contends that the trial court also abused its discretion by denying its snap-back motion because it complied with procedures of the snap-back provision found in rule 193.3(d). *See* Tex. R. Civ. P. 193.3(d). The purpose of the snap-back rule is to protect the inadvertent disclosure of privileged material to reduce the cost and risk involved in document production. *Christus Spohn Hosp. Kleberg*, 222 S.W.3d at 438–39 (citing Tex. R. Civ. P. 193 cmt. 4). "The snap-back provision has typically been applied when a party inadvertently produces privileged documents to an opposing party." *Id.* at 439. Rule 193.3(d)

10

provides the following procedure for requesting the return of documents inadvertently produced:

> (d) *Privilege Not Waived by Production.* A party who produces material or information without intending to waive a claim of privilege does not waive that claim under these rules or the Rules of Evidence if—within ten days or a shorter time ordered by the court, after the producing party actually discovers that such production was made—the producing party amends the response, identifying the material or information produced and stating the privilege asserted. If the producing party thus amends the response to assert a privilege, the requesting party must promptly return the specified material or information and any copies pending any ruling by the court denying the privilege.

Tex. R. Civ. P. 193.3(d). "The rule is focused on the intent to waive the privilege, not the intent to produce the material or information." *Christus Spohn Hosp. Kleberg*, 222 S.W.3d at 439.

Texas Windstorm's counsel emailed the City's counsel the day following the disclosure, asking the City to destroy Exhibit 3-A without review or inspection, and advising the City that it was filing a snap-back motion. The City opposed the snap-back motion. That same day, Texas Windstorm also sent a letter to the City's counsel and filed a motion to withdraw Exhibit 3-A and to amend its response to the City's motion to compel.

Texas Windstorm timely amended its response and asserted the attorney-client privilege within the ten-day period in rule 193.3(d). *See* Tex. R. Civ. P. 193.3(d); *cf. In re Samson Lone Star, LLC*, No. 06-10-00050-CV, 2010 WL 3008670, at *3 (Tex. App.—Texarkana Aug. 3, 2010, orig. proceeding) (mem. op.)

(holding that the trial court acted within its discretion by denying untimely filed snap-back motion). At that point, the City was required to return the fifty-five pages in Exhibit 3-A to Texas Windstorm, pending a ruling by the court denying the privilege, but the City did not do so. *See* Tex. R. Civ. P. 193.3(d).

In support of its snap-back motion, Texas Windstorm submitted the affidavit of its counsel, James. R. Old, Jr., explaining the circumstances surrounding the inadvertent production of the documents in Exhibit 3-A to the City. Old stated that the in camera exhibit was not to be filed with Texas Windstorm's response to the motion to compel. Old directed his staff to assemble the exhibits for filing with the response to the motion to compel and to set up an exhibit of the email correspondence at issue to be included as part of an in camera tender to the trial court. According to Old, he was not aware that the in camera documents had been included with the exhibits to be e-filed.

Windstorm also submitted the affidavits of Old's legal assistant and legal secretary, explaining their roles in the disclosure and that the disclosure was a mistake. In light of the immediate actions taken by Texas Windstorm after it discovered the inadvertent production of Exhibit 3-A and the explanations provided in the affidavits, and in the absence of any contrary evidence, Texas Windstorm did not intend to waive its attorney-client privilege.

Texas Windstorm's counsel complied with the procedures found in rule 193.3(d). Therefore, the trial court abused its discretion by denying Texas Windstorm's snap-back motion. *See In re Certain Underwriters at Lloyd's London*, 294 S.W.3d 891, 907 (Tex. App.—Beaumont 2009, orig. proceeding

12

[mand. denied]) (holding trial court abused its discretion by denying snap-back motion because the documents were privileged, relator properly requested their return, and the request was timely).

As addressed above, the emails and accompanying drafts of Strickland's affidavit between Texas Windstorm's counsel and Strickland in Exhibit 3-A are protected by the attorney-client privilege and are not subject to disclosure. Therefore, the trial court also abused its discretion by granting the City's motion to compel.

Because the trial court abused its discretion by granting the City's motion to compel and by denying Texas Windstorm's snap-back motion, we must determine whether Texas Windstorm has an adequate remedy by appeal.

## II.    No Adequate Remedy by Appeal

The trial court abused its discretion by ordering Texas Windstorm to produce documents protected from disclosure by the attorney-client privilege. This discovery error cannot be cured on appeal. Therefore, Texas Windstorm does not have an adequate remedy by appeal. *See Christus Santa Rosa Health Sys.*, 492 S.W.3d at 279 (stating that a party claiming a privilege does not have an adequate remedy by appeal when the trial court erroneously orders the production of privileged documents).

### CONCLUSION

We hold that (1) the trial court abused its discretion by ordering Texas Windstorm to produce the email exchanges and drafts of Strickland's affidavit

between Texas Windstorm's counsel and Strickland and by denying Texas Windstorm's snap-back motion; and (2) Texas Windstorm does not have an adequate remedy by appeal. Accordingly, we conditionally grant Texas Windstorm's petition for mandamus relief, and direct the trial court to set aside its (1) August 25, 2016 order granting the City's motion to compel production, or alternatively, motion to exclude the testimony of Paul Strickland; and (2) August 25, 2016 order denying Texas Windstorm's motion to withdraw Exhibit 3-A, and grant the motion to withdraw Exhibit 3-A. *See In re Living Ctrs. of Tex., Inc.*, 175 S.W.3d 253, 256 (Tex. 2005) (orig. proceeding) (stating that mandamus is appropriate to protect confidential documents from discovery). The writ will issue only if the trial court does not act in conformity with this opinion. We further lift our stay entered on September 9, 2016.


/s/    Marc W. Brown
Justice


Panel consists of Chief Justice Frost and Justices Busby and Brown.