# IN THE SUPREME COURT OF TEXAS

No. 17-0020

IN RE CITY OF DICKINSON, RELATOR

ON PETITION FOR WRIT OF MANDAMUS

**Argued September 12, 2018**

JUSTICE DEVINE delivered the opinion of the Court.

The issue in this original proceeding is whether a client, who testifies as an expert witness in the client's own case, waives the attorney–client privilege with respect to the client's expert testimony. Relator, the City of Dickinson, contends that email communications in the underlying litigation between attorney and client about the client's expert testimony are discoverable because the City, as the client's opposing party, is entitled to discover "all documents . . . provided to, reviewed by, or prepared by or for [an] expert in anticipation of a testifying expert's testimony." *See* TEX. R. CIV. P. 192.3(e)(6); 194.2(f)(4)(A). The trial court agreed and ordered the client, Texas Windstorm Insurance Association, to produce the emails. This prompted Texas Windstorm to seek mandamus relief in the court of appeals.

The court of appeals concluded that these attorney–client communications were protected from disclosure and accordingly directed the trial court to vacate its order compelling their production. *In re Tex. Windstorm Ins. Ass'n*, 549 S.W.3d 592, 596–98 (Tex. App.—Houston [14th

Dist.], orig. proceeding). The mandamus petition here asserts again that the discovery rules waive the attorney–client privilege under these circumstances and asks us to vacate the court of appeals's judgment as an abuse of discretion. Because the court of appeals did not abuse its discretion, we deny the requested relief.

I

The City of Dickinson purchased a commercial windstorm policy from Texas Windstorm Insurance Association. In the underlying litigation, the City alleges that Texas Windstorm has not paid all it owes under the policy for property damage caused by Hurricane Ike. The dispute here arises from a motion for summary judgment filed by the City on the issue of causation. In responding to the City's motion, Texas Windstorm included the affidavit of its corporate representative and senior claims examiner, Paul Strickland. Strickland's affidavit provided both factual and expert opinion testimony on Texas Windstorm's behalf.

The City subsequently learned during Strickland's deposition that his affidavit had been revised in a series of emails between Strickland and Texas Windstorm's counsel. This revelation prompted the City to move to compel Texas Windstorm to produce these email exchanges with counsel along with all other "documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for Strickland in anticipation of his testimony as an expert," or alternatively to strike Strickland's testimony.

Texas Windstorm responded that the emails were protected by the attorney–client privilege. Included in the response was the affidavit of Texas Windstorm's counsel, James R. Old, Jr., who stated that Strickland serves as the "client's liaison with defense counsel in this lawsuit" and that

the emails the City seeks are "confidential communications . . . made in the course of rendition of legal services." In an apparent filing error, Texas Windstorm also e-filed fifty-five pages of the emails it asserted were privileged information. Texas Windstorm discovered the filing error the next day and promptly invoked Texas Rule of Civil Procedure 193.3(d)'s snap-back provision, requesting that the City delete or destroy the emails.

The trial court denied Texas Windstorm's motion to withdraw the email communications that it had accidentally filed and granted the City's motion to compel. Specifically, the trial court required Texas Windstorm to produce "all documents, tangible things, reports, models, and data compilations that have been provided to, reviewed by, or prepared by or for Paul Strickland in anticipation of his testimony as an expert, including all e-mails and drafts he exchanged with [Texas Windstorm's] counsel to prepare his Affidavit." Rather than comply with the court's order, Texas Windstorm sought mandamus relief in the court of appeals.

The court of appeals conditionally granted Texas Windstorm's mandamus petition, holding that the trial court's orders compelling production and denying snap-back were an abuse of discretion and directed both orders to be set aside. 549 S.W.3d at 600. The court concluded that the email exchanges and accompanying drafts of Strickland's affidavit between Strickland and counsel were attorney–client communications subject to the privilege notwithstanding Strickland's additional role as a testifying expert in the litigation. *Id.* at 598.

The City's mandamus petition in this Court complains that the court of appeals abused its discretion in setting aside the trial court's orders because our discovery rules clearly require the production of documents furnished by or to a testifying expert, make no exception for when that

3

expert is also a party or employee of a party to the litigation, and thus waive the attorney–client privilege under these circumstances.

II

The City argues that the trial court did not abuse its discretion in compelling the production of the emails and affidavit drafts in dispute because Strickland is a testifying expert to whom Rules 192.3(e)(6) and 194.2(f)(4)(A) apply. The City submits that these two discovery rules expressly authorize the production of all documents provided to Strickland in anticipation of his expert testimony. Similarly, the City contends that the trial court's order denying snap-back of these documents was not an abuse of discretion because if the documents at issue were not privileged, they undisputedly fell within the order to compel. Finally, the City submits that because the trial court did not abuse its discretion when ordering this production, the court of appeals clearly abused its discretion when ordering the trial court to vacate its orders. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex. 1985) (holding that if there is some basis in reason and in law for a trial court's order, a court of appeals abuses its discretion when vacating the lower court's order by mandamus).

Texas Windstorm responds that the expert-disclosure rules do not override the attorney–client privilege and do not require a party to choose between defending itself and maintaining its privileges. Although a comment to Rule 194 contemplates the waiver of the work-product privilege in this situation, the comment states further that other applicable privileges may be asserted. TEX. R. CIV. P. 194 cmt.1. Texas Windstorm frames the issue as whether a party with specialized knowledge who desires to testify as an expert must waive its attorney–client privilege

4

to do so. It submits that a party should not have to waive the attorney–client privilege to rely on its own expertise or the expertise of an employee.

The International Association of Defense Counsel and the Association of Corporate Counsel, as amici curiae, have filed a brief in support of Texas Windstorm. They submit that the attorney–client privilege is substantively distinct from the work-product doctrine and deserving of more jealous protection. Texas Rule of Evidence 503(d) recognizes only four limited exceptions to the attorney–client privilege. *See* TEX. R. EVID. 503(d). Amici submit that we should not adopt an additional exception here because the need for materials received or reviewed by an employee-expert does not outweigh the strong, immutable policy rationale supporting Texas's attorney–client privilege.

We will not create a new exception to the privilege here. Rather, we must determine whether the text of the discovery rules on which the City relies actually waives the attorney–client privilege when the client or its employee is a testifying expert witness. We interpret our rules using the same principles we apply when construing statutes. *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 437 (Tex. 2007) (orig. proceeding). Our review is de novo, and our primary objective is to give effect to the drafter's intent as expressed in the rule's language. *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). But because our discovery rules are part of a cohesive whole, we must also consider them in context rather than as isolated provisions. *TGS-NOPC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). We thus begin our analysis with the rule's words and their apparent meaning within this context. *In re Lee*, 411 S.W.3d 445, 451 (Tex. 2013).

III

Texas Rule of Civil Procedure 192.3 addresses the scope of discovery in Texas. *See* TEX. R. CIV. P. 192.3. Subsection (a) of the rule generally addresses the applicability of privileges, stating that "a party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action." *Id.* 192.3(a). However, subsection (e), which particularly addresses expert disclosures, provides: "A party may discover . . . all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for [an] expert in anticipation of a testifying expert's testimony." *Id.* 192.3(e)(6). To properly interpret these two provisions, we must read them together to give meaning to both without rendering either meaningless. *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008).

While subsection (e) provides that a party "may discover" testifying-expert materials, nothing in its language permits such discovery when the materials are attorney–client privileged. *See* TEX. R. CIV. P. 192.3(e)(6). To the contrary, subsection (a) confirms that, absent some specific provision otherwise, Rule 192.3 does not require the disclosure of information that is attorney–client privileged. Because the rule does not specifically prohibit the use of the attorney–client privilege for testifying-expert materials, if material is privileged it may be withheld.

Here, the City concedes that the email communications between Strickland and Texas Windstorm's attorney would be privileged had Texas Windstorm not designated Strickland as a testifying expert. Because Rule 192.3 does not otherwise waive the attorney–client privilege to

6

withhold testifying expert materials from discovery, we conclude that these attorney–client communications remain privileged under this rule.

While Rule 192.3 focuses on the scope of discovery generally, Texas Rule of Civil Procedure 194.2 addresses the permissible content of requests for disclosure. *See* TEX. R. CIV. P. 194.2. The rule provides that "[a] party may request disclosure of . . . all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony" so long as the expert is testifying and "is retained by, employed by, or otherwise subject to the control of the responding party." *Id.* The City contends that this rule requires disclosure of otherwise privileged information when the opposing party is also a testifying expert. On closer examination, however, the rule merely permits a party to request disclosure; it does not require disclosure. *See* TEX. R. CIV. P. 194.2 ("A party *may request* disclosure of any or all of the following . . . .") (emphasis added). Nowhere in Rule 194.2's text does the words "require" or "must" appear. *Cf.* TEX. GOV'T CODE § 311.016(1) ( "[U]nless a different construction is expressly provided by statute . . . 'May' creates discretionary authority or grants permission or a power."). The rule's language is permissive not absolute. Therefore, nothing within the rule requires Texas Windstorm to turn over testifying expert materials. It merely allows the City to request them, subject to the other rules of discovery.

Two other provisions confirm that Rule 194.2 does not require disclosure of testifying-expert materials that are also attorney–client privileged. First, Rule 194.3(b) provides that a response to a request for disclosure must disclose the requested information under Rule 194.2(f) "unless otherwise ordered by the court." TEX. R. CIV. P. 194.3(b), 195.2(a). This provision indicates that

the rules do not invariably require disclosure, allowing the trial court to limit or relieve any disclosure obligations under Rule 194.2.

Second, the official comments to Rule 194 explain that a responding party may assert any privilege to a Rule 194.2 request except work product:

> Disclosure is designed to afford parties basic discovery of specific categories of information, not automatically in every case, but upon request, without preparation of a lengthy inquiry, and without objection or assertion of work product. In those extremely rare cases when information ordinarily discoverable should be protected, such as when revealing a person's residence might result in harm to the person, a party may move for protection. *A party may assert any applicable privileges other than work product using the procedures of Rule 193.3 applicable to other written discovery.* Otherwise, to fail to respond fully to a request for disclosure would be an abuse of the discovery process.

TEX. R. CIV. P. 194.6 cmt.1 (emphasis added). As the official comment makes clear, requests for disclosure under Rule 194 are subject to the attorney–client privilege just like the provisions of Rule 192. While comments to our rules are not dispositive, they "are intended to inform the construction and application" of the rules. *Final Approval of Revisions to the Texas Rules of Civil Procedure*, 977-978 S.W.2d (Tex. Cases) xxxiii (Tex. Nov. 9, 1998); *see also* TEX. R. EVID. 509 cmt. ("This comment is intended to inform the construction and application of this rule."). We have previously relied on similar comments to inform our analysis. *See, e.g.*, *Hancock v. Variyam*, 400 S.W.3d 59, 67–68 (Tex. 2013) (relying on comments to the Restatement); *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 580 (Tex. 2001) (same); *Burrow v. Arce*, 997 S.W.2d 229, 241–45 (Tex. 1999) (same); *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 426–27 (Tex. 1997) (same); *Joseph E. Seagram & Sons, Inc. v. McGuire*, 814 S.W.2d 385, 387–88 (Tex. 1991) (same); *see also Fetter v. Wells Fargo Bank Tex., N.A.*, 110 S.W.3d 683, 687 (Tex. App.—Houston [14th Dist.] 2003,

8

no pet.) ("Although the Official UCC Comments following the code provisions are not law, they are persuasive authority concerning interpretation of the statutory language."). The comments to our own rules are entitled to the same weight.

The City argues, however, that our expert-discovery rules are patterned after the pre-2010 federal rules and should be similarity interpreted. While the current federal rules would not allow disclosure of these emails, FED. R. CIV. P. 26(b)(4)(C), several courts allowed disclosure of attorney–client communications under the former federal rule. *See, e.g.*, *Reg'l Airport Auth. of Louisville v. LFG, LLC*, 460 F.3d 697, 715 (6th Cir. 2006) (agreeing that Rule 26 now requires disclosure of all information provided to testifying experts); *Tri-State Outdoor Media Grp., Inc. v. Offical Comm. of Unsecured Creditors (In re Tri-State Outdoor Media Grp., Inc.)*, 283 B.R. 358, 365 (Bankr. M.D. Ga. 2002) (ruling that the plain meaning of Rule 26 "trumps the protections afforded by the attorney-client privilege"); *but see Ideal Elec. Co. v. Flowserve Corp.*, 230 F.R.D. 603, 608 (D. Nev. 2005) (holding that the attorney–client privilege protected draft affidavits). The City contends our current rule is patterned after the pre-2010 federal rule and we should therefore follow the federal cases requiring disclosure of all communications made to a testifying expert.

Although our current discovery rules are generally modeled after the pre-2010 federal rules, the analogous advisory committee note to the former federal rule states, "[g]iven this obligation of disclosure, litigants should no longer be able to argue that materials furnished to experts to be used in forming their opinions—whether or not ultimately relied upon by the expert—*are privileged* or otherwise protected from disclosure when such persons are testifying or being deposed." FED. R. CIV. P. 26(a)(2)(B) advisory committee's note to the 1993 amendments (emphasis added). Unlike

the official comment to Rule 194, which only prohibits the use of the work-product privilege, the advisory committee notes show the former federal rule prohibited the use of all privileges. Hence, the City's reliance on the federal rule and case law is misplaced.

The City further argues that our holding in *Christus Spohn* requires the disclosure of these email communications between Strickland and Texas Windstorm's attorney. *See In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434 (Tex. 2007) (orig. proceeding). In *Christus Spohn*, we required a hospital to turn over a report prepared by an internal investigator and furnished to the hospital's testifying expert. *Id.* at 436. Even though the expert testified that she merely "glanced" at the report, we found the report discoverable under Rule 192.3(e)(6) because it was "provided to" the expert. *Id.* at 438. Additionally, we found that the hospital waived the work-product privilege when it provided the report to its testifying expert because Rule 192.5(c)(1) specifically excludes information discoverable under Rule 192.3 from the definition of work product. *Id.*

Our decision in *Christus Spohn*, however, is not controlling here. The internal investigative report in *Christus Spohn* was work product, not attorney–client communications. *Id.* ("[T]he hospital claims and Palmer does not dispute, that the [report] constitute[s] work product."). Unlike work product, which is expressly discoverable under Rule 192.5(c)(1), the rules do not mention the discovery of attorney–client communications. *See* TEX. R. CIV. P. 192.5(c)(1); 192.3(e)(6). While attorney–client and work-product privileges are sometimes conflated, here the City concedes that the emails would be protected by the attorney–client privilege but for Strickland's designation as an expert witness.

10

Moreover, Texas courts, when addressing the attorney–client privilege in the context of expert discovery, have on balance upheld the privilege. *See, e.g.*, *In re Segner*, 441 S.W.3d 409, 412 (Tex. App.—Dallas 2013, orig. proceeding) ("[T]he current rules continue to protect attorney–client communications from discovery."); *In re State Farm Mut. Ins. Co.*, 100 S.W.3d 338, 343 (Tex. App.—San Antonio 2002, orig. proceeding) ("State Farm did not waive the [attorney–client] privilege in relation to the documents by designating [its employee] as an expert witness."); *D.N.S. v. Schattman*, 937 S.W.2d 151, 158 (Tex. App.—Fort Worth 1997, orig. proceeding) ("[T]he trial court abused its discretion in ruling that the privileged narrative report is discoverable under [the expert discovery rules]."); *but see Aetna Cas. & Sur. Co. v. Blackmon*, 810 S.W.2d 438, 440 (Tex. App.—Corpus Christi 1991, orig. proceeding) ("To the extent that Fernandez would testify concerning these matters as an expert witness, disclosure by him would have the same effect as disclosure to a third party, and would result in waiver of the privilege.").

These decisions underscore the status of the attorney–client privilege as "quintessentially imperative" to our legal system. *Paxton v. City of Dallas*, 509 S.W.3d 247, 261 (Tex. 2017). Without the privilege, attorneys would not be able to give their clients candid advice as is an attorney's professional duty. TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 2.01, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (Tex. State Bar R. art. X, § 9). A lawyer's candid advice and counseling is no less important when a client also testifies as an expert. *See In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 803 (Tex. 2017) ("The privilege promotes free discourse between attorney and client, thereby advancing the effective administration of justice.").

11

Because our discovery rules do not operate to waive the attorney–client privilege whenever a client or its representative offers expert testimony, we conclude that the court of appeals did not abuse its discretion in overruling the trial court's order compelling disclosure.

IV

Finally, the City complains that the court of appeals abused its discretion in requiring the return of the emails that Texas Windstorm inadvertently produced, arguing that the expert-disclosure rules prevail over the snap-back rule. Rule 193.3(d) provides a party who has inadvertently produced privileged material a means to preserve the privilege. TEX. R. CIV. P. 193.3(d). Essentially, the rule allows parties to recover privileged material so long as they amend their response to the discovery request and identify the privileged material within ten days of its inadvertent disclosure. *Id.* Critically, the material must be protected by a recognized privilege for the snap-back provision to apply. *See In re Christus Spohn*, 222 S.W.3d at 439–41 (holding that the hospital could not use Rule 193.3(d) because the work-product privilege did not apply to the report at issue).

Texas Windstorm complied with the rule. Its attorneys contacted the City's counsel the day after Texas Windstorm responded to the discovery request. Later that day, Texas Windstorm sent a letter "pursuant to Texas Rule of Civil Procedure 193.3(d)" officially requesting the City to destroy the inadvertently filed emails. In this letter, Texas Windstorm specifically described the exhibit that contained the emails and asserted that the emails were protected by the attorney–client privilege. It then filed an emergency motion with the trial court that same day asserting that the emails were privileged communications.

12

Unlike the investigative report in *Christus Spohn*, which was not privileged work-product and thus not subject to Rule 193.3(d), here the emails are attorney–client privileged, making 193.3(d)'s snap-back provision a proper remedy. *See id.* Because the emails are privileged communications and Texas Windstorm complied with Rule 193.3(d), we agree with the court of appeals that the trial court abused its discretion when it failed to sustain Texas Windstorm's snap-back motion.

\* \* \*

The City of Dickinson seeks to broaden the scope of expert discovery to include material that is otherwise protected by the attorney–client privilege. While Texas's expert discovery rules are broad, they remain subject to the attorney–client privilege, which is not waived merely by a client's decision to offer expert testimony. The court of appeals therefore did not abuse its discretion in vacating the trial court's discovery orders, which failed to recognize the attorney–client privilege.

The petition for writ of mandamus is denied.

_____
John P. Devine
Justice

Opinion Delivered: February 15, 2019

13