

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00611-CV

**IN RE JAVIER A. MARTINEZ**, Cynthia R. Martinez, and Columbus Happy Oaks RV Park
Corporation D/B/A Happy Oaks RV Inc.

Original Mandamus Proceeding[1]

Opinion by:     Lori Massey Brissette, Justice

Sitting:         Lori Massey Brissette, Justice
                 Adrian A. Spears II, Justice
                 Velia J. Meza, Justice

Delivered and Filed: April 16, 2025

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relators Javier A. Martinez, Cynthia R. Martinez, and Columbus Happy Oaks RV Park

Corporation challenge orders compelling discovery in response to requests by real parties in

interest (RPIs) Wilfredo Matias Ramos and Yolanda Garcia. After reviewing the petition,

mandamus record, RPIs' response, and Relators' reply, we conclude the trial court clearly abused

its discretion, and we conditionally grant the petition for a writ of mandamus. *See* TEX. R. APP. P.

52.8(c).

---

[1] This proceeding arises out of Cause No. 2023-CI-25020, styled *Ramos v. Martinez, et al.*, pending in the 225th
Judicial District Court, Bexar County, Texas, the Honorable Mary Lou Alvarez presiding.

**BACKGROUND**

This case concerns a dispute over a purchase option in a commercial lease for property at 15910 Nacogdoches Road, San Antonio, Texas. Relators, as lessors, leased the property to RPIs, as lessees, from February 1, 2021 to January 31, 2024. The lease granted the lessees an option to buy the property for $650,000 during the lease term, requiring a $20,000 escrow deposit to initiate the sale. On June 21, 2023, the RPIs issued a $20,000 check to Capitol Title of Texas as escrow funds and allegedly informed Relators of their intent to exercise the purchase option. Relator Javier Martinez, however, refused to honor the option. On November 22, 2023, the RPIs filed suit against Relators for breach of contract, promissory estoppel, and fraud.

On January 12, 2024, Relators sold the Nacogdoches Road property to Kristen N. Parisher. Ten days later, RPIs amended their petition to include Parisher as a defendant and sought a temporary injunction. A week later, they amended their application to include a request for a temporary restraining order, which the trial court granted. Following a February 9, 2024, hearing, the trial court issued a temporary injunction on March 22, 2024, enjoining Parisher from selling the property to third parties, requiring a bond from Relators, and allowing RPIs to remain as lessees and pay rent to Parisher. Parisher later moved to modify the injunction, noting that on February 19, 2024, Relators and Parisher had rescinded the sale, returning the property to Relators with repayment of the purchase price. On April 17, 2024, the trial court issued a modified injunction, barring Parisher *and Relators* from selling the property to third parties.

On May 10, 2024, RPIs served discovery requests and interrogatories on Relators. On June 10, 2024, Relators responded, objecting to several requests. RPIs then filed a motion to compel compliance. Following a hearing on August 28, 2024, the trial court issued orders largely

overruling the Relators' objections and requiring compliance with the discovery requests and interrogatories by September 16, 2024.

This mandamus petition followed.

### STANDARD OF REVIEW

"A party is entitled to mandamus relief when it demonstrates that the trial court clearly abused its discretion and the party lacks an adequate remedy by appeal." *In re Off. of Att'y Gen.*, 702 S.W.3d 360, 364 (Tex. 2024) (orig. proceeding). "A trial court generally has discretion to determine the scope of discovery." *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 802–03 (Tex. 2017) (orig. proceeding). "A trial court abuses its discretion by 'ordering discovery that exceeds that permitted by the rules of procedure.'" *Id.* (quoting *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam)). "The responding party has no adequate remedy by appeal if the discovery order 'compels production beyond the permissible bounds of discovery.'" *Off. of Att'y Gen.*, 702 S.W.3d at 364 (quoting *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009)) (internal quotation marks omitted); *see In re Kuraray Am., Inc.*, 656 S.W.3d 137, 142 (Tex. 2022) (orig. proceeding) ("Where a discovery order compels production of 'patently irrelevant or duplicative documents,' there is no adequate remedy by appeal because the order 'imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party.'" (quoting *CSX Corp.*, 124 S.W.3d at 153)).

### DISCOVERY

**A. RPIs Failed to Carry Their Burden of Demonstrating Relevance on Request Nos. 1, 2, 8, 13, 14, 18, 19, 27 and 28**

RPIs served on Relators a series of requests for all documents and communications pertaining to the Nacogdoches Road property, including:

> 2. A complete copy of your file which pertains to 15910 Nacogdoches Road, San Antonio, Texas 78247. Including but not limited to any and all documents,

photographs, notes, call logs, copies of checks, notes pertaining to discussions had between buyer and seller, and other documents which pertain to the purchase/sale of such real property.

. . . .

8. Any and all letters, diaries, notes, journals, correspondence, emails, records, files, memorandum, or other items that were generated by you or any of your employees which pertain to the real property located at 15910 Nacogdoches Road, San Antonio, Texas 78247.

. . . .

13. A true and correct copy of all documents, reports, graphs, notes, memoranda, letters, and materials, including audio-graphic and video-graphic materials, generated as a result of any and all inspections, tests, examinations, surveys, measurements and/or analyses of the subject premises based on the occurrence made the subject of this lawsuit and any person, place or thing involved in said occurrence.

. . . .

14. Any and all letters, diaries, notes, journals, correspondence, records, files, memoranda, or other items prepared by or for Defendants or Plaintiff for all matters related to this lawsuit. (Every document, email, and other tangible information which bears the name of Plaintiffs or makes reference to the real property located at 15910 Nacogdoches Road, San Antonio, Texas 78247).

. . . .

18. Please produce a copy of any and all written communications being in the form of texts, email, letter, correspondence, or other written form which pertain to the purchase/sale of the real property located at 15910 Nacogdoches Road, San Antonio, Texas 78247.

19. Any documents, including photographs, correspondence and reports, repair, service, and other information pertaining to any services which you provided and/or for the real property located at 15910 Nacogdoches Road, San Antonio, Texas 78247.

. . . .

27 (to Columbus) and 28 (to the Martinezes). Any and all checks, statements, reports, invoices, bills, receipts, and other documents which evidence, reflect or identify the funds received sent or received by you which pertain to the purchase/sale of real property known as 15910 Nacogdoches Road, San Antonio, Texas 78247.

Relators objected to these requests as vague, overbroad, outside the scope of discovery, seeking irrelevant documents, seeking document not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the case (*see* TEX. R. CIV. P. 192.4(b)). As to Request 14, Relators also objected to the requests as seeking the discovery of privileged attorney-client communications, information, or attorney-work product.[2] RPIs' motion to compel generally averred "[t]he documents requested are relevant to the subject matter in this pending cause and are reasonably calculated to lead to discovery of admissible evidence."

At the motion to compel hearing, the trial court, without any real argument, overruled Relators' objections to Request Nos. 2, 8, 13, 14, and 28 excepting the production of matters subject to the attorney-client privilege and attorney work-product exemptions. With regard to any privileged material that would be responsive, the trial court ordered Relators to produce a privilege log. Request Nos. 18, 19, 20, and 27 were not addressed at the hearing, but Relators objections were overruled.

"Texas Rule of Civil Procedure 192.3 addresses the scope of discovery in Texas." *In re City of Dickinson*, 568 S.W.3d 642, 646 (Tex. 2019) (orig. proceeding) (citing TEX. R. CIV. P. 192.3). Generally, "a party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action." TEX. R. CIV. P. 192.3(a) ("It is not a ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."). The party seeking discovery has "the burden . . . to demonstrate that the requested documents are relevant and therefore discoverable under Rule 192.3." *In re Kuraray Am., Inc.*, 656 S.W.3d 137, 142 (Tex.

---

[2] Relators explained, with regard to Request No. 14 that they were willing to work with RPIs to identify documents requested with reasonable specificity.

2022) (orig. proceeding) (concluding trial court abused its discretion by ordering production of employees' cell-phone data for six-week or four-month period without showing each employee's use of cell phone on specific date could have been contributing cause of ethylene release).

Although "trial courts enjoy discretion in determining what is 'relevant to the subject matter,' that discretion is not unlimited." *Kuraray Am., Inc.*, 656 S.W.3d at 142 (quoting *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 223 (Tex. 2016) (orig. proceeding) (per curiam)) (providing what is relevant to subject matter is to be broadly construed, but these liberal bounds have limits and discovery requests must not be overbroad). A discovery request not reasonably tailored to include only matters relevant to the case is impermissibly overbroad. *See, e.g.*, *Kuraray Am., Inc.*, 656 S.W.3d at 142.

Here, RPIs' petition alleges claims for breach of contract and fraud arising out of a commercial property lease that included an option to purchase the property at a price of $650,000 which was tendered and rejected, with the property ultimately sold to Parisher, a family member. They contend that the sale to Parisher was a fraudulent attempt to avoid the lease option. However, other than simply arguing the documents are relevant and reasonably calculated to lead to discovery of admissible evidence in the motion to compel, RPIs failed to demonstrate the requested documents were reasonably calculated to lead to the discovery of relevant information given these claims and facts—and therefore discoverable under Rule 192.3. *See Kuraray Am., Inc.*, 656 S.W.3d at 142 (explaining petitions did not allege cell phone use as contributing cause of release and rejecting production request of months of cell phone data as impermissibly overbroad where trial court merely relied on general proposition in motion to compel that release may have been caused by cell phone usage); *In re Dana Corp.*, 138 S.W.3d 298, 302 (Tex. 2004) (orig. proceeding) (concluding request seeking insurance policies overly broad because plaintiffs failed

to establish applicability of policies to lawsuit); *In re TIG Ins. Co.*, 172 S.W.3d 160, 167 (Tex. App.—Beaumont 2005, orig. proceeding) (conditionally granting mandamus relief and holding certain discovery requests overly broad because, among other things, requests were not shown to be within scope-of-discovery as it relates to case). Indeed, RPIs did not once use the word "relevant" for the duration of the hearing.

Without any such showing, RPIs failed to meet their burden to show their entitlement to such discovery, and the trial court's discovery order was a clear abuse of discretion. Moreover, Relators lack an adequate remedy by appeal because compliance with the discovery order would require the production of information that has not been shown to be reasonably calculated to lead to the discovery of relevant evidence. *See Kuraray Am., Inc.*, 656 S.W.3d at 145.[3]

## B. Request No. 20

Relators also contend the trial court erred by overruling objections to the following request by RPIs:

> 20. Please produce all fee agreements, invoices, checks, receipts, statements, and notices between you and any attorney representing you, including but not limited to any payments which have been made to your attorney by way of check, cash, credit card payment, ACH payment, wire transfer, or any other means by which monies were tendered by you or any third party to your attorney for purposes of retaining such attorney or paying for the services of an attorney to represent you in the above referenced and numbered cause.[4]

---

[3] For the same reasons, the trial court clearly abused its discretion and Relators have no adequate remedy as to Request No. 1 to Columbus, which demands "[a]ll photographs and images that pertain to this lawsuit in the possession, custody or control of you, your attorney, your agents, or anyone acting on behalf of you." Relators objected to the request as lacking specificity and being unduly vague. RPIs' motion again made the same general argument, providing "[t]he documents requested are relevant to the subject matter in this pending cause and are reasonably calculated to lead to discovery of admissible evidence." At the motion to compel hearing, the request was not addressed, but Columbus's objection to it was overruled.

[4] With regard to Request No. 20, Relators stated in response to discovery that they would make responsive, non-privileged documents, if any, available at the law offices of their attorney.

Relators assert that discovery of such information is irrelevant because they do not rely on their counsel's billing records to contest the reasonableness of opposing counsel's attorney's fees or to recover their own attorney's fees and, therefore, the request invades the zone of work-product protection. They also point out that RPIs never specified why they sought the billing records. Importantly, RPIs do not contend the documents under Request No. 20 are relevant, only that the information will help them determine whether Relators' counsel was also representing defendant Kristen Parisher.

Under the same standard as set forth above, Request No. 20 is overly broad and seeks information which invades the attorney work-product privilege. *See In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 798–99 (Tex. 2017) (orig. proceeding) (holding that, where party neither seeks to recover attorneys' fees nor seeks to compare its own fees to those incurred by opposing party to determine reasonableness, request that asks for all attorney billing information invades attorney work-product privilege and seeks information ordinarily not discoverable.)

**C. Documents Regarding the Parisher Funds (Request Nos. 29, 30, 31, 32)**

RPIs further seek production of all documents reflecting an exchange of money or business transaction with defendant Kristen M. Parisher from January 1, 2022 through present. These requests include:

> 29 (to Columbus) and 30 (to the Martinezes). Any and all documents which reflect any exchange of money between you and Kristen M. Parisher. Including any checks, moneys, wire transfers, or other moneys tendered to or from Kristen M. Parisher between January 1, 2022 through present.

> 31 (to Columbus) and 32 (to Javier A. Martinez). All documents and statements which reflect documents, statements, communications, email exchanges, text exchanges, documents exchanged, contracts, and other documents and instruments for any business transaction between you and Kristen M. Parisher.

> 32 (to Cynthia Martinez). All documents and statements which reflect documents, statements, communications, email exchanges, text exchanges, documents

exchanged, contracts, and other documents and instruments for any business transaction between you and Javier A. Martinez.

Relators objected to the requests on the grounds they sought information outside the scope of discovery, were not limited in time, and potentially encompassed transactions that predated the claims. Further, they contended the requests are irrelevant to claims or defenses of any party, are impermissibly vague, and are ambiguous. RPIs, in response, simply stated that "[t]he documents requested are relevant to the subject matter in this pending cause and are reasonably calculated to lead to the discovery of admissible evidence." At the hearing on the motion to compel, counsel for RPIs generally explained the "lion's share" of the discovery requests were designed to allow him "to trace the money to find out where Ms. Parisher acquired funds to pay $750,000, cash, to her father [Javier Martinez] to acquire this property" in support of their fraud claim. However, the parties did not otherwise address the foregoing requests during argument before the trial court overruled Relators' objections to them.

A discovery request not reasonably tailored to include only matters relevant to the case is impermissibly overbroad. *See, e.g.*, *Kuraray Am., Inc.*, 656 S.W.3d at 142. The requests at issue here seek "all documents which reflect any exchange of money" between Parisher and the Martinezes as well as "[a]ll documents and statements which reflect . . . any business transaction" between Parisher and the Martinezes since 2022. Separately, request no. 32 to Cynthia Martinez requires she produce "[a]ll documents and statements which reflect . . . any business transaction" between herself and her husband since 2022. The transaction at issue between Parisher, Columbus, and the Martinezes took place in January 2024. The requests are therefore not narrowly tailored to the transaction and cast a wide enough net they could encompass money for gas or food, personal expenses between husband and wife, and business dealings unrelated to the transaction. In other words, the requests are not narrowly tailored to time, place, or subject matter, or "or otherwise

require production of information that is not reasonably calculated to lead to the discovery of admissible evidence." *See In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 251–53 (Tex. 2021) (orig. proceeding).

We therefore cannot conclude the trial court's discovery order was not a clear abuse of discretion and Relators lack an adequate remedy by appeal because the requests are overbroad. *See id.*

### D. All Documents Pertaining to the Leonhardt Road Property (Request No. 26 to the Martinezes)

RPIs also requested the production of "[a] complete copy" of the Martinezes "file which pertains to 5122 Leonhardt Road, San Antonio, Texas 78233, including but not limited to any and all documents, photographs, notes, call logs, copies of checks, notes pertaining to discussions had between buyer and seller, and other documents which pertain to the purchase/sale of such real property." However, the Leonhardt Road property is not at issue in this case brought by RPIs. At the hearing, counsel for RPIs indicated Parisher previously testified she had a "similar relationship" with Javier Martinez eight years prior to the transaction at issue in connection with the Leonhardt property. They seek this discovery to see if Relators worked with Parisher in the past to conduct the same alleged scheme—having her buy property to avoid the exercise of an option. They contend the request is proper because "it is appropriate for the Court to allow Plaintiffs to make inquiry into a prior transaction between the two individuals that are accused of having engaged in fraud, having engaged in a conspiracy, and the commission of fraud."[5]

Although relevance to the subject matter is to be "broadly construed," such "liberal bounds . . . have limits and "discovery requests must not be overbroad." *In re Nat'l Lloyds Ins.*

---

[5] RPIs also reference the Uniform Fraudulent Transfers Act as a basis for relevance, but the petition includes no such claim. Even if the claim for "statutory fraud" could be liberally construed as such a claim, the petition does identify how RPIs were a creditor on a real estate transaction preceding the facts of the case by eight years.

*Co.*, 507 S.W.3d 219, 223 (Tex. 2016) (orig. proceeding) (per curiam) (quoting *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding) (per curiam)) (internal quotation marks omitted). Discovery requests requiring the production of documents from an unreasonably long or distant time period are impermissibly overbroad. *See In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d at 224 (quoting *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam)) (holding plaintiffs were not entitled "to discover documents unrelated to the insurance event at issue" or to discovery "not tailored with regard to time, place, or subject matter"); *see also Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (orig. proceeding) (per curiam) (holding that while plaintiffs are entitled to discover evidence of defendants' safety policies and practices as they relate to circumstances involved in their allegations, they are not entitled to all documents authored by corporate safety director, without limitation as to time, place, or subject matter).

Here, by the same token, the discovery requests seek all documents related to the purchase and sale of the Leonhardt Road property, which RPIs argue may be a similar prior fraud. *See In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 223–26. But the request, which is remote in time—eight years earlier—and unrelated to the transaction at issue—is overbroad and a clear fishing expedition. *See Nat'l Lloyds Ins. Co.*, 507 S.W.3d at 224; *Texaco*, 898 S.W.2d at 815.

Accordingly, the trial court clearly abused its discretion by ordering Relators to comply with Request No. 26 and leaving them with no adequate remedy by appeal. *See Nat'l Lloyds Ins. Co.*, 507 S.W.3d at 226.

### E. Income Tax Returns

On May 10, 2024, RPIs sought production from Relators the following documents:

21. All of your Income Tax Returns (including any returns on which income or earnings of Defendant are reported) along with all included schedules, etc., for each of the years 2020-2023.

22. Please execute and return the attached IRS Form 4506 for the release of your income tax records for the years 2020 to 2023; and in the event you fail or refuse to do so, please set forth your reasons.

Relators objected that the request is not reasonably calculated to lead to the discovery of relevant information and that it seeks privileged and proprietary information. The trial court overruled Relators' objection as to Request No. 21 and ordered them to file documents responsive to that request or, in the alternative to file the IRS release form in response to Request No. 22.

Income tax records are treated differently in discovery. *See In re Insight Neurodiagnostics, LLC*, No. 05-23-00014-CV, 2023 WL 2782722, at *4 (Tex. App.—Dallas Apr. 5, 2023, orig. proceeding) (mem. op.); *see, e.g.*, *In re Beeson*, 378 S.W.3d 8, 12 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding) ("Tax returns are treated differently than other types of financial records, as evidenced by the supreme court's expressed 'reluctance to allow uncontrolled and unnecessary discovery of federal income tax returns.'" (quoting *Hall v. Lawlis*, 907 S.W.2d 493, 494–95 (Tex. 1995))). They "are considered private, and the protection of that privacy is of constitutional importance." *Insight Neurodiagnostics*, 2023 WL 2782722, at *4; *Beeson*, 378 S.W.3d at 12 (same). If "a party objects to the production of tax returns, the burden shifts to the party seeking the documents to show relevance and materiality." *Insight Neurodiagnostics*, 2023 WL 2782722, at *4; *Beeson*, 378 S.W.3d at 12 (same). Moreover, "federal income tax returns are not material if the same information can be obtained from another source." *Insight Neurodiagnostics*, 2023 WL 2782722, at *4; *Beeson*, 378 S.W.3d at 12 (same). In addition, "tax returns may not be discovered when the information sought is duplicative of information already provided." *Beeson*, 378 S.W.3d at 12.

Here, relators objected to the production of the income tax records, shifting the burden to RPIs to show relevance and materiality. *See Insight Neurodiagnostics*, 2023 WL 2782722, at *4; *Beeson*, 378 S.W.3d at 12. However, RPIs did not explain how the income tax records were relevant and material to their claims. Nor did RPIs demonstrate the information they seek cannot be obtained from another source. *See Insight Neurodiagnostics*, 2023 WL 2782722, at *4; *Beeson*, 378 S.W.3d at 12. Accordingly, RPIs failed to meet their burden to show their entitlement to discovery of relators' tax returns.[6]

## F. Documents Supporting Initial Disclosures

RPIs further sought from Relators all documents and communications pertaining to initial disclosures pursuant to Request No. 15, specifically: "each and any letter, statement, notice, file, record, journal, brochure, manual, journal, and other writing and/or publication whatsoever, . . . which does or may substantiate your . . . Initial Disclosures." Relators objected to these requests as vague, ambiguous, asking for documents outside the scope of discovery, and requiring them to gather their evidence in violation of the work-product privilege. At the motion to compel hearing, the trial court, without any argument, overruled Relators' objections.

Rule 194.1 requires unless "otherwise agreed by the parties or ordered by the court," a party must, "without awaiting a discovery request, provide to the other parties the information or material" required for initial disclosures as set forth in Rule 194.2. TEX. R. CIV. P. 194.1. These include, among other things:

(1) the correct names of the parties to the lawsuit;

---

[6] We decline to consider RPIs' arguments not presented to the trial court and raised for the first time on appeal. *See Nabors Drilling USA, L.P. v. Carpenter*, 198 S.W.3d 240, 249 (Tex. App.—San Antonio 1996, orig. proceeding) (concluding real party in interest arguments regarding whether there was material fact issue concerning notice or acceptance of arbitration policy waived because not raised before trial court); *see also In re Union Carbide Corp.*, No. 14-24-00187-CV, 2024 WL 3198602, at *3 (Tex. App.—Houston [14th Dist.] June 27, 2024, orig. proceeding) (mem. op.) (declining to consider real party in interest arguments regarding breach and enforcement of agreement because arguments not raised before trial court).

(2) the name, address, and telephone number of any potential parties;

(3) the legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);

(4) the amount and any method of calculating economic damages;

(5) the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(6) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the responding party has in its possession, custody, or control, and may use to support its claims or defenses, unless the use would be solely for impeachment;

(7) any indemnity and insuring agreements described in Rule 192.3(f);

(8) any settlement agreements described in Rule 192.3(g);

(9) any witness statements described in Rule 192.3(h);

. . . .

(12) the name, address, and telephone number of any person who may be designated as a responsible third party.

TEX. R. CIV. P. 194.2(b). These required disclosures are consistent with the general scope of discovery in Rule 192.3. *Compare* TEX. R. CIV. P. 192.3 (requiring disclosure of all relevant non-privileged matter, and enumerating categories similar to Rule 194.2(b), including all documents and tangible things that constitute or contain matters relevant to the subject matter of the action) *with* TEX. R. CIV. P. 194.2(b).

"Even when a party seeks information that is relevant and not privileged, courts should 'make an effort to impose reasonable discovery limits.'" *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247–48 (Tex. 2021) (orig. proceeding). Rule 192.4 of the Texas Rules of Civil Procedure provides such limits, explaining the scope "should" be limited by the trial court if it determines:

(a) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or

(b) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

TEX. R. CIV. P. 192.4. This entails a proportionality assessment by the trial court. *See, e.g.*, *In re Liberty Cnty. Mut. Ins. Co.*, 679 S.W.3d 170, 174 (Tex. 2023) (orig. proceeding) (per curiam); *In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 678 (Tex. 2022) (orig. proceeding); *see also In re Off. of Att'y Gen.*, 702 S.W.3d 360, 364, 365 (Tex. 2024). And the Supreme Court has explained "trial courts must consider proportionality" in ordering discovery. *Liberty Cnty. Mut. Ins. Co.*, 679 S.W.3d at 174. This means discovery "must be 'reasonably tailored,'" "not 'overbroad'" and "not 'overly burdensome.'" *Christianson*, 639 S.W.3d at 678 (quoting *In re CSX Corp.*, 124 S.W.3d 149, 152–53 (Tex. 2003) (orig. proceeding) (per curiam); *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 315 (Tex. 2009) (orig. proceeding)). A proportionality assessment involves a "case-by-case balancing" of "several factors, including the likely benefit of the requested discovery, the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, the importance of the proposed discovery in resolving the litigation, and any other articulable factor bearing on proportionality." *Liberty Cnty. Mut. Ins. Co.*, 679 S.W.3d at 174. The court's responsibility is to use "all the information provided by the parties," and "consider [the proportionality] factors in reaching a case-specific determination of the appropriate scope of discovery." *Liberty Cnty. Mut. Ins. Co.*, 679 S.W.3d at 174 (alteration in original) (quoting *In re State Farm Lloyds*, 520 S.W.3d 595, 607 (Tex. 2017)) (internal quotation marks omitted).

Here, the parties confirmed at the hearing that initial disclosures had already been tendered and RPIs did not contend the disclosures were incomplete. Because the request asks for any document that "may" substantiate any of the initial disclosures required by Texas Rule of Civil

Procedure 192.4, it is clearly overbroad. For example, simply consider all of the documents that may substantiate someone's identity. Because the trial court overruled the objection without conducting any kind of proportionality inquiry, it abused its discretion and left Relators without an adequate remedy by appeal. *See Off. of Att'y Gen.*, 702 S.W.3d at 364; *In re Kuraray Am., Inc.*, 656 S.W.3d 137, 145 (Tex. 2022) (orig. proceeding).

## G. Experts

RPIs further sought production from Relators of the following documents:

12. A true and correct copy of any and all letters or correspondence whatsoever between any attorney for Defendant and any person who may be called as a testifying witness on behalf of Defendant, or who is a consulting expert witness on behalf of Defendant, including but not limited to all letters from Defendant and/or counsel for Defendant to such testifying or consulting expert setting out the effective fee arrangements between those parties.

Relators objected to the request for "impos[ing] obligations on the production of expert witness documents, communications, and materials outside of the scope of discovery promulgated by the Texas Rules of Civil Procedure." At the motion to compel hearing, the trial court inquired whether a privileged log had been produced or requested, and the parties responded in the negative. The trial court, thereafter, overruled the objections "save and except for the attorney-client privilege and the attorney work product, provided that the privilege log is tendered."

Relators argue the trial court abused its discretion by overruling their objections and ordering them to produce documents responsive to the request because the request language providing for the production of "any and all letters or correspondence whatsoever between any attorney for [Relators] and any person who may be called as a testifying witness on behalf of [Relators]," is the type of discovery expressly protected from discovery under Rule 195.5(c). *See*

TEX. R. CIV. P. 195.5(c).[7] Relators further contend Request No. 12 goes beyond the scope of permissible discovery under Rule 192.3(e) with respect to testifying and consulting experts.

Rule 192.3, which addresses the scope of discovery in Texas, includes subsection (e), which addresses testifying and consulting experts. It first provides that "the identity, mental impressions, and opinions of a consulting expert whose mental impressions and opinions have not been reviewed by a testifying expert are not discoverable." TEX. R. CIV. P. 192.3(e). "While subsection (e) provides that a party 'may discover' testifying-expert materials, nothing in its language permits such discovery when the materials are attorney–client privileged." *In re City of Dickinson*, 568 S.W.3d 642, 646 (Tex. 2019) (orig. proceeding) (quoting Rule 192.3(e)). Under Rule 195.5(a)(4)(E), a party is required, even without a discovery request, to provide a statement identifying a testifying expert's compensation for the case. TEX. R. CIV. P. 195.5(a)(4)(E).

However, subsection (c) of Texas Rule of Civil Procedure 195.5 is clear that "[c]ommunications between the party's attorney and any testifying expert witness in the case are protected from discovery, regardless of the form of the communications." TEX. R. CIV. P 195.5(c). The only exceptions are where the communications address: (1) compensation, (2) identify facts or data considered by the expert in forming their opinion, or (3) identify assumptions relied on by the expert in forming their opinion. TEX. R. CIV. P 195.5(c). Because, on its face, Request No. 12 requires the disclosure of consulting experts, even those whose work has not been reviewed by a testifying expert, and is "not limited to" the exceptions set forth in Texas Rule of Civil Procedure 195.5(c), it is overbroad and the trial court abused its discretion in ordering the production of same

---

[7] We decline to consider the RPIs' argument not presented to the trial court and raised for the first time on appeal. *See Union Carbide Corp.*, 2024 WL 3198602, at *3; *Nabors Drilling USA, L.P.*, 198 S.W.3d at 249.

and the creation of a privilege log to those items withheld. *See City of Dickinson*, 568 S.W.3d at 646.

Accordingly, the trial court's discovery order as to Request No. 12 was a clear abuse of discretion and relators lack an adequate remedy by appeal. *See* TEX. R. CIV. P 195.5(c); *City of Dickinson*, 568 S.W.3d at 646.

### H. Discovery via Interrogatory No. 1 to Relators

RPIs further sought a response to the following interrogatory:

1. List all banks, credit unions, investment houses, brokerage firms, investment management company, and financial institutions in which you have accounts which hold money for your benefit and which have held money for your benefit by a third party since January 1, 2022 through present and/or in which you have deposited money/funds/assets and/or from which you have withdrawn or transferred money/funds/assets and/or sold investments, including but not limited to the full name, address, telephone number for each such entity along with the account number for every account held by each such entity.

Relators objected to the interrogatory as "overly broad, outside the scope of discovery, not reasonably tailored to the discovery of admissible evidence, and irrelevant to the claims at issue. At the hearing, the court acknowledged the interrogatory was "pretty broad" and not tied to the Nacogdoches property but, while she had previously in the same hearing sustained Parisher's objection to a nearly identical interrogatory, stated Relators were in a "slightly different position." Counsel for RPIs explained they need the information because the transaction at issue between Javier Martinez and Parisher doesn't "pass the smell test." Specifically, Parisher did not admit right away that Javier Martinez is her father, and there are a lot of "cash transactions from [Parisher]." Counsel for RPIs further questioned whether Javier Martinez may have "use[d] an account that had cash" and withdrew cash from it "so as to provide it to Ms. Parisher so she could . . . purchase the property." Counsel for RPIs conceded such evidence would not be admissible, but argued it might be discoverable and "[i]f we see something that's directed to a

bank account that is owned by Ms. Parisher, . . . then we dig further. . . . If the [transactions] match up, we can follow this up at a later time." The trial court then overruled the objection because "Mr. Martinez [was] the primary respondent and it's just a listing."

Relators argue on appeal the trial court abused its discretion because the interrogatory was not limited by the subject matter of this lawsuit or the time period relevant to RPIs' claims. In other words, the interrogatory was a "fishing expedition" and not "reasonably tailored to include only matters relevant to the case." *Kuraray*, 656 S.W.3d at 142. RPIs argue on appeal the interrogatory was time-limited, going back to January 1, 2022 only. But that encompasses years of transactions of all amounts, rather than being limited to transactions that could even conceivably be related to the purchase of the property at issue.

Rule 197 governs interrogatories. *See* TEX. R. CIV. P. 197.1–.3. Rule 197.1 provides a party may serve on another party "written interrogatories to inquire about any matter within the scope of discovery." *See* TEX. R. CIV. P. 197.1. The scope of discovery requires responses to interrogatories that include all relevant, non-privileged matter—as long as such information is reasonably calculated to lead to the discovery of admissible evidence. *See id.* R. 192.3(a): *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 252 (Tex. 2021) (orig. proceeding). This includes disclosing the "existence, description, nature, custody, condition, location, and contents" of "accounts" which "constitute or contain matters relevant to the subject matter of the action." TEX. R. CIV. P. 192.3. Although the scope is broad, interrogatories, like other discovery, "must show a reasonable expectation of obtaining information that will aid the dispute's resolution." *In re CSX Corp.,* 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding). And they must be narrowly tailored to time, place, or subject matter. *See K & L Auto Crushers, LLC*, 627 S.W.3d at 252. It is the burden of the party seeking discovery to demonstrate the interrogatories are relevant and

discoverable under Rule 192.3. *Kuraray Am., Inc.*, 656 S.W.3d at 142. And "[t]he trial court must make an effort to impose reasonable discovery limits" including refusing "to compel discovery if it determines that the information being requested would require the responding party to include matters that are unlikely to fall within the scope of discovery." *In re AWC Frac Valves Inc.*, No. 09-13-00247-CV, 2013 WL 4314377, at *2 (Tex. App.—Beaumont Aug. 15, 2013, orig. proceeding) (mem. op.) (per curiam) (quoting *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding)) (internal quotation marks omitted). This may require the proportionality assessment addressed above. *See In re Liberty Cnty. Mut. Ins. Co.*, 679 S.W.3d 170, 174 (Tex. 2023).

Here, the interrogatory requests a list of "all . . . accounts" where relators held money, where any third-party held money for their benefit, or where they "deposited money/funds/assets and/or from which you have withdrawn or transferred money/funds/assets and/or sold investments" from January 1, 2022 through the present along with all contact information for the entities maintaining the accounts. This is not narrowly tailored in time, place, or subject matter. *See* TEX. R. CIV. P. 192.3(a); *K & L Auto Crushers, LLC*, 627 S.W.3d at 252. The interrogatory includes two full years before the transaction occurred and is not limited in terms of amount or purpose of a money transfer and, in fact, is not even limited to transfers between the two parties who allegedly acted together.

Moreover, there was no consideration of the likely benefit of the requested discovery, the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, the importance of the proposed discovery in resolving the litigation, or any other articulable factor bearing on proportionality. *Liberty Cnty. Mut. Ins. Co.*, 679 S.W.3d at 174. In short, the trial court failed to make any effort to impose reasonable discovery limits

including refusing to compel discovery, concluding it was sufficient that Javier Martinez was the "primary respondent" and all the request asked for was a "listing." *See AWC Frac Valves Inc.*, 2013 WL 4314377, at *2.

On these facts, the trial court clearly abused its discretion by ordering relators to answer Interrogatory No. 1, and Relators have no adequate remedy by appeal. *See K & L Auto Crushers, LLC*, 627 S.W.3d at 256.

## CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, the mandamus record, and the applicable law, is of the opinion Relators are entitled to the relief sought. In summary, we hold the trial court's August 28, 2024 order on RPIs' motion to compel discovery as to relator Columbus is beyond the scope of discovery with respect to discovery request nos. 1, 2, 8, 12, 13, 14, 15, 18, 19, 20, 21, 22, 27, 29, 31, and interrogatory no. 1. We further hold the trial court's separate August 28, 2024 order on RPIs' motion to compel discovery as to relators the Martinezes is beyond the scope of discovery with respect to discovery request nos. 2, 8, 12, 13, 14, 15, 18, 19, 20, 21, 22, 26, 28, 30, 32 and interrogatory no. 1. We therefore conditionally grant Relators' petition for writ of mandamus, direct the trial court, no later than fifteen days from the date of this opinion, to vacate the portion of the trial court's August 28, 2024 orders overruling Relators' objections to those requests. The writ will issue only if the trial court fails to comply.[8]

Lori Massey Brissette, Justice

---

[8] The stay we granted on September 13, 2024 is lifted.